# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| VINCENT THALMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br>　vs.<br><br>NATIONAL ENTERPRISE SYSTEMS, INC.,<br><br>　　　　Defendant. | Case No.: 17-cv-119<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Vincent Thalman is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely a credit card debt.

5. Defendant National Enterprise Systems, Inc. ("NES") is a foreign corporation with its primary offices located at 29125 Solon Rd., Solon, OH 44139.

6. NES is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. NES is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. NES is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or around December 14, 2016, NES mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "PNC Bank" ("PNC"). A copy of this letter is attached to this complaint as Exhibit A.

9. The alleged debt identified in Exhibit A was for an alleged PNC credit card account, and was incurred only for personal, family or household purposes.

10. Exhibit A represents that the balance of the alleged debt was "$6,645.02."

11. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

12. Exhibit A contains the following text:

> We have been authorized to settle your account for FORTY (40) PERCENT of the total balance due. Please contact this office if you would like to discuss this offer.

Exhibit A.

13. Exhibit A does not state the amount that NES and PNC would accept to settle the debt. It only states a percentage.

14. Forty percent of the balance on Exhibit A is $2,658.01. This number is rounded up from 2,648.008. It is unclear whether a payment of $2,648.00 would effectuate the settlement.

15. Collection letters offering a settlement of the alleged debt for less than the amount owed should state the amount that the creditor would accept in settlement of the debt.

2

16. <u>Exhibit A</u> is confusing and misleading to the unsophisticated consumer. The missing information – the amount – is inherently confusing to the consumer and an unfair collection practice.

17. The consumer has no way to know from <u>Exhibit A</u> whether NES and/or PNC would treat a payment of the purported "settlement" amount as an actual settlement (i.e. releasing Plaintiff from any remaining liability) of the alleged debt.

18. NES's language leaves open the possibility that the consumer will make a settlement payment, only to be informed that the offer is insufficient and NES will continue to collect on the remaining balance.

19. Moreover, <u>Exhibit A</u> also states:

> You can now pay by automated phone system at (800) 238-0868 or on the internet at https://paymynesbill.webview.com. Just enter your account number 23261456. You are not required to use the automated phone system or the internet to make payment on this account. If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

20. The above language is confusing and misleading in the context of the settlement offer in <u>Exhibit A</u>.

21. Upon information and belief, a payment of 40% of the balance made through the automated phone system or on NES's payment website would be treated as a partial payment of the alleged debt, and not as a settlement of the alleged debt.

22. NES's misrepresentations are material misrepresentations because they mislead the unsophisticated consumer about the nature of the settlement offer.

23. The consequences of misleading a consumer with respect to settling a debt are much greater than misleading about the amount of the debt. A payment of the entire debt would leave pennies or, at most, a few dollars left over for payment later. *See eg. Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). Due to a

3

few remaining dollars or cents of interest, however, NES could continue to collect the remaining balance – 60% – of the alleged debt, plus any additional interest that had accrued.

24. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

26. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

27. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

28. Exhibit A includes an offer that is misleading as to the amount necessary to effectuate the settlement.

29. Exhibit A does not state the amount that NES and PNC require to settle the account.

30. A consumer who calculates the settlement amount himself and mails a payment may not have sent enough money to actually settle the claim.

31. Exhibit A misleads the unsophisticated consumer and encourages settlement payments to be short of the amount necessary for the creditor to agree to settle the alleged debt, allowing NES to continue collecting the remaining balance of the alleged debt, plus additional interest.

32. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## COUNT II – FDCPA

33. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

34. Exhibit A includes an offer to settle the recipient's alleged debt for a portion of the balance.

35. Exhibit A tells the consumer that payment can be made on NES's website or on NES's automated telephone system.

36. A payment of the settlement amount, made through NES's website or automated phone system, would not settle the debt, but would be treated as a partial payment of the balance with the remainder outstanding.

37. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

38. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between January 25, 2016 and January 25, 2017, inclusive, (f) that was not returned by the postal service.

39. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

40. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendants complied with 15 U.S.C. §§ 1692e and 1692f.

5

41. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

42. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

43. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

44. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 25, 2017

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mary A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge @ademilaw.com
dmorris@ademilaw.com

6